**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARILYN ALCANTARA MANICAD,
a.k.a. Marilyn Cawaling Alcantara,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-70017

Agency No. A097-368-244

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN and FISHER, Circuit Judges.

Marilyn Alcantara Manicad, a native and citizen of the Philippines,

petitions for review of the Board of Immigration Appeals' order dismissing her

appeal from an immigration judge's ("IJ") decision denying her application for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence factual findings. *See Husyev v. Mukasey*, 528 F.3d 1172, 1178. We deny the petition for review

The record does not compel the conclusion that extraordinary circumstances excused Manicad's untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(5). Because Manicad has not established eligibility for asylum, she is not entitled to a discretionary grant of relief. *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir. 2004) ("Asylum is a two-step process, requiring the applicant first to establish his *eligibility* for asylum . . . and second to show that he is *entitled* to asylum as a matter of discretion"). Accordingly, her asylum claim fails.

Substantial evidence supports the IJ's finding that the threats Manicad received do not rise to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936-37 (9th Cir. 2000) (rejecting a claim of past persecution because the threats were unfulfilled and were not so menacing as to cause "significant actual suffering or harm"). Substantial evidence also supports the IJ's finding that Manicad failed to establish a clear probability of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003). In light of our conclusions, Manicad's due process contention regarding the REAL ID Act fails. *See Lata v. INS*, 204 F.3d 1241, 1246

2

(9th Cir. 2000) (requiring prejudice for a petitioner to prevail on due process claim).  Accordingly, Manicad's withholding of removal claim fails.

Finally, substantial evidence supports the IJ's denial of Manicad's CAT claim because she failed to show it is more likely than not that she will be tortured at the instigation of, or with the acquiescence of the Philippine government.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).  Manicad's contention that the IJ violated due process by failing to evaluate her CAT claim is belied by the record.

**PETITION FOR REVIEW DENIED.**